**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

PATRICK LOWE
and others similarly situated,

    Plaintiffs,

v.

FALCON TOWING AND HEAVY DUTY
TRANSPORTATION, INC. a Florida corporation
and WAYNE OWENSBY, individually,

    Defendants.
_____/

## COLLECTIVE ACTION COMPLAINT

Plaintiff, PATRICK LOWE, (herein referred to as "Plaintiff" and/or "LOWE"), was employed by Defendants, FALCON TOWING AND HEAVY DUTY TRANSPORTATION, INC. (hereinafter referred to as "FALCON TOWING"), Florida Profit Corporation, and WAYNE OWENSBY (hereinafter, "OWENSBY" and collectively, "Defendants") as a Driver/Tow Truck Operator. He brings this Action on behalf of himself and other current and former similarly situated employees for overtime compensation and other relief under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §216(b) and other state laws.

## JURISDICTION AND VENUE

1.    This action is brought against the Defendants pursuant to 29 U.S.C. § 201, et seq. (hereinafter the "Fair Labor Standards Act", the "FLSA" or the "Act") and for unpaid wages under Florida's Minimum Wage Act, § 448.110, Florida Statutes.

2. This Action is intended to include any and all Drivers/Tow Truck Operators, such as Plaintiff, and others who were performing similar duties as Plain tiff throughout the United States during the three (3) year period immediately preceding the filing of this Action.

3. Jurisdiction is conferred upon this Court pursuant to 29 U.S.C. § 216(b), and 28 U.S.C. § 1331.

4. Venue is proper in the Southern District of Florida because Plaintiff was employed by Defendants in this District; because Defendants, at all material times, conducted and continue to conduct business in the Southern District of Florida; because the acts that give rise to Plaintiff's claims within the Southern District of Florida; pursuant to 28 U.S.C. §§ 1391(b) and (c); and because Defendants are subject to personal jurisdiction herein. The Court further has jurisdiction over any other Plaintiffs joining this lawsuit.

5. Plaintiff says that all conditions precedent to the maintenance of this action have heretofore been performed or have been waived.

## PARTIES

6. LOWE is a resident of West Palm Beach, Florida. During all times relevant to this Complaint, LOWE was employed by Defendants as a Driver. Plaintiff was therefore an "employee" as defined by 29 U.S.C. § 203(e) and covered as an individual under the FLSA. To wit: LOWE was a driver and operated a tow-truck which towed vehicles within Florida.

7. Defendant FALCON TOWING is a corporation organized and existing under and by virtue of the laws of the State of Florida with its principal place of business in Dania Beach, Broward County, Florida. FALCON TOWING has, at all times material hereto, conducted substantial and continuous business within the Southern District of Florida, and is subject to the laws of the United States and the State of Florida.

8. Specifically, FALCON TOWING is a towing company and its employees, including LOWE, regularly handled goods which were transported across state lines.

9. At all times material to this Complaint, Defendants have had two (2) or more employees who have regularly sold, handled, or otherwise worked on goods and/or materials that have been moved in or produced for commerce.

10. FALCON TOWING upon knowledge and belief, has gross revenue which exceeds $500,000 for each of the past three (3) years and utilizes goods in the flow of commerce across state lines. FALCON TOWING is therefore covered as an "enterprise" as defined by the FLSA, 29 U.S.C. § 203(s).

11. Defendant OWENSBY, who resides in the Southern District of Florida, was, or now is, an owner and/or operator of Defendant FALCON TOWING.

12. Defendant OWENSBY acted and acts directly in the interests of FALCON TOWING in relation to its employees. OWENSBY had and exercised the authority to hire and fire employees, set the pay rate for the employees, and control the finances and operations of FALCON TOWING. Thus OWENSBY was and is an employer within the meaning of Section 3(d) of the Act, 29 U.S.C. § 203(d).

13. This case is brought as a collective action under 29 U.S.C. § 216(b). Defendants have jointly employed several other similarly situated employees like LOWE who have not been paid overtime and/or minimum wages for work performed in excess of 40 hours per week from the filing of this complaint, back three years.

## **GENERAL ALLEGATIONS**

14. Plaintiff and other similarly situated employees were non-exempt employees of Defendants and are subject to the payroll practices and procedures set forth hereinafter.

15. Plaintiff and other similarly situated employees regularly worked in excess of forty (40) hours during one or more workweeks within three (3) years of the filing of this complaint.

16. At all times pertinent to this action, Defendants failed to comply with 29 U.S.C. §§ 201 – 219 in that LOWE and other similarly situated employees performed services for Defendants for which no provision was made to properly pay overtime for those hours worked over forty (40) in a work-week.

17. LOWE started working for Defendants on June 1, 2017 and was terminated on or about March 9, 2018. During his employment LOWE regularly worked 7PM to 7AM six days per week.

18. Defendants also refused to give LOWE his final paycheck which represented pay for the final week(s) of work LOWE performed for Defendants.

19. The Defendants and their representatives knew that LOWE and similarly situated employees were working overtime, and that Federal law requires employees to be compensated at time and one-half per hour for overtime pay.

20. The Defendants maintained complete control over the hours Plaintiff worked and the pay he was to receive.

21. In the course of employment with Defendants, LOWE and other similarly situated employees worked the number of hours required of them, but were not paid time and one-half for all hours worked in excess of forty (40) hours during a workweek.

22. LOWE averaged approximately 72 work hours per week during the relevant time frame of June 1, 2017 through March 9, 2018.

23. The additional persons who may become plaintiffs in this action are Defendants' current and former Drivers/Tow Truck Operators, however variously titled, who were paid a flat

rate per week without regard for the hours actually worked. Those employees who may become plaintiffs worked overtime hours on or after the date this Action was filed, but were not compensated at time and one-half their regular rate of pay for those overtime hours.

24. Defendants willfully failed to record all time worked by LOWE and others similarly situated and willfully misclassified LOWE and others similarly situated as exempt from overtime.

25. The records, if any, concerning the number of hours actually worked by Plaintiff and other similarly situated employees are in the possession, custody, and control of Defendants.

26. Plaintiff has retained the undersigned firm to prosecute this action on his behalf and has agreed to pay it a reasonable fee for its services. Other similarly situated employees who join in this action may retain the undersigned firm as well.

27. Plaintiff and other similarly situated employees are entitled to their reasonable attorneys' fees and costs if they are the prevailing party in this Action.

### COUNT ONE – VIOLATION OF FLSA / OVERTIME
*(ON BEHALF OF PLAINTIFF AND THOSE SIMILARLY SITUATED AGAINST ALL DEFENDANTS)*

28. Plaintiff re-alleges and re-avers paragraphs 1–27 as fully set forth herein.

29. Since the commencement of Plaintiff's employment, Defendants have willfully violated the provisions of §7 of the Act [29 U.S.C. § 207] by employing workers engaged in commerce for workweeks longer than 40 hours without compensating them for their employment in excess of 40 hours at a rate not less than one and one half times the regular rates for which they were employed.

30. Specifically, LOWE worked approximately 72 hours during each work week in which he was employed, but was only compensated his regular rate rather than one and one half times his regular rate.

31. Plaintiff and others similarly situated were not exempted from the overtime provision of the Act pursuant to the provisions of the Act, 29 U.S.C. § 213(a), in that they were neither bona fide executive, administrative, or professional employees.

32. Defendants have knowingly and willfully failed to pay Plaintiff and others similarly situated at time and one half of their regular rate of pay for all hours worked in excess of forty (40) per week during the relevant time period.

33. By reason of the said intentional, willful and unlawful acts of Defendants, Plaintiff and others similarly situated have suffered damages plus incurring costs and reasonable attorneys' fees.

34. Defendants knew Plaintiff and others similarly situated were not exempt from overtime but refused to pay them at a rate of time and one-half their regular rate.

35. LOWE was also misclassified as an independent contract and issued a form 1099 for at least some of his employment. Individuals who may become plaintiffs in this Action may have been similarly misclassified and wrongfully issued a form 1099.

36. As a result of Defendants' willful violations of the Act, Plaintiff and others similarly situated are entitled to liquidated damages.

37. Plaintiff has retained the undersigned counsel to represent him in this action, and pursuant to 29 U.S.C. § 216(b), Plaintiff and others similarly situated are entitled to recover all reasonable attorneys' fees and costs incurred in this action from Defendants.

**WHEREFORE**, for workweeks within three (3) years of the filing of this Complaint, Plaintiff PATRICK LOWE and others similarly situated demand judgment for:

    a)     Overtime payment, wages, salary, lost benefits, and any other compensation denied or lost to Plaintiff and others similarly situated by reason of Defendant's violation of the FLSA.

    b)     Interest on the amount found due;

    c)     Liquidated damages;

    d)     A jury trial on all issues so triable;

    e)     Assessment against Defendant of reasonable costs and reasonable attorney's fees of this action; and

    f)     Such other relief as the Court deems just and proper.

### COUNT TWO: VIOLATION OF FLSA / MINIMUM WAGE
*(ON BEHALF OF PLAINTIFF LOWE ONLY  
AND AGAINST ALL DEFENDANTS)*

38.     Plaintiff re-alleges and re-avers paragraphs 1–27, as fully set forth herein.

39.     During the course of Plaintiff's employment with Defendants, Plaintiff was not compensated at all for the last week(s) of employment in March 2018.

40.     LOWE worked his regular shifts from 7PM to 7AM for the week(s) just prior to his termination on or about March 9, 2018.

41.     The Defendants willfully violated §§ 6 and 15 of the FLSA by failing to compensate Plaintiff at a rate equal to the federal minimum wage for work performed while Defendants employed Plaintiff during the relevant time period.

42.     As a direct result of Defendants' willful violation of federal laws, Plaintiff has suffered damages, including wages, liquidated damages, and costs and fees associated with this action.

**WHEREFORE**, for workweeks within three (3) years of the filing of this Complaint, Plaintiff PATRICK LOWE requests judgment for:

a) Minimum wage payment, wages, salary, lost benefits, and any other compensation denied or lost to Plaintiff by reason of Defendants' violation of the FLSA.

b) Interest on the amount found due;

c) Liquidated and compensatory damages pursuant to 29 U.S.C. § 2617(a)(1)(A)(iii);

d) A jury trial on all issues so triable;

e) Assessment against Defendants of reasonable costs and reasonable attorney's fees of this action; and

f) Such other relief as the Court deems just and proper.

### COUNT THREE – VIOLATION OF FLORIDA'S MINIMUM WAGE ACT
*(ON BEHALF OF PLAINTIFF LOWE ONLY AND AGAINST ALL DEFENDANTS)*

43. Plaintiff re-alleges and re-avers paragraphs 1–27, as fully set forth herein.

44. This action is brought under Florida's Minimum Wage Act (FMWA), § 448.110, Florida Statutes.

45. On April 20, 2018, LOWE sent a demand letter to both Defendants for his unpaid wages, pursuant to Fla. Stat. §448.110(6)(a). Defendants have, as of the date of this filing, failed to remit payment for LOWE's final paycheck.

46. Defendants violated the FMWA by not paying LOWE at all for any hours he worked during the final week(s) of his employment with FALCON TOWING.

47. Defendants knew LOWE worked several hours during the final pay period, yet intentionally withheld his final paycheck upon his termination.

48. LOWE is entitled to payment for those hours in accordance with the Florida minimum wage of $8.25/hour.

49. Further, LOWE is entitled to liquidated damages pursuant to Fla. Stat. § 448.110(6)(c)(1).

**WHEREFORE**, Plaintiff PATRICK LOWE requests judgment against Defendants as follows:

   a) Unpaid wages in the amount of at least $528.00;

   b) Liquidated damages pursuant to Fla. Stat. § 448.110(6)(c)(1);

   c) Plaintiff's cost of suit, together with reasonable attorney's fees incurred in this action; and

   d) Such other relief as the Court deems just and proper.

### COUNT FOUR – UNPAID WAGES
*(ON BEHALF OF PLAINTIFF LOWE ONLY AND AGAINST ALL DEFENDANTS)*

50. Plaintiff re-alleges and re-avers paragraphs 1–27, as fully set forth herein.

51. On April 20, 2018, LOWE sent a demand letter to both Defendants for his unpaid wages, pursuant to Fla. Stat. §448.110(6)(a). Defendants have, as of the date of this filing, failed to remit payment for LOWE's final paycheck.

52. Plaintiff was paid $1,000 per week for 72 hours worked in a week, making his regular rate of pay $13.89/hour.

53. LOWE worked several hours during the last week(s) of his employment with FALCON TOWING for which he was not paid at all.

54. Defendants knew that LOWE performed work for the benefit of the company during his final week(s) of work, but intentionally held his paycheck.

55. Further, LOWE is also entitled to liquidated damages pursuant to Fla. Stat. § 448.110(6)(c)(1).

**WHEREFORE**, Plaintiff PATRICK LOWE requests judgment against Defendants as follows:

   a) Unpaid wages in the amount of at least $888.96;

   b) Liquidated damages pursuant to Fla. Stat. § 448.110(6)(c)(1);

   c) Plaintiff's cost of suit, together with reasonable attorney's fees incurred in this action; and

   d) Such other relief as the Court deems just and proper.

## JURY TRIAL DEMAND

Plaintiff PATRICK LOWE and others similarly situated hereby demand a trial by jury on all issues contained herein so triable as a matter of right.

Dated: May 18, 2018.

**EISS MASSILLON, P.L.**
Attorneys for Plaintiff
7951 SW 6th Street, Suite 308
Plantation, Florida 33324
(954) 914-7890 (Office)
(855) 423-5298 (Facsimile)

By:  /s/ Charles Eiss
CHARLES M. EISS, Esq. (FBN: 612073)
chuck@eissmassillon.com
LINDSAY M. MASSILLON, Esq. (FBN: 92098)
lindsay@eissmassillon.com